IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| v. | } | CR. NO. 06-20382-SHM |
| | } | |
| **JOSEPH P. WILLIAMS, and** | } | |
| **THE PEOPLE'S CHOICE AUTO** | } | |
| **SALES, LLC,** | } | |
|     **Defendants.** | } | |

## DEFENDANT JOSEPH WILLIAMS' POSITION WITH RESPECT TO THE PRESENTENCE REPORT

COMES NOW, the Defendant, by and through undersigned counsel, and informs this Court that he has read and reviewed with counsel a copy of the Presentence Report, and has the following objections to the sentencing guidelines calculations as contained in the report:

1.

Factual Objections to Paragraphs 11, 14 and 26, to wit: The scope of the Defendant's position as a salesman at Wolfchase Chrysler-Jeep was to negotiate a sales price on the vehicle and then turn the customer over to the finance department to complete the sale.  Within the capacity of his employment, the Defendant had nothing to do with the preparation of any of the paperwork involved in the sale of the vehicle, including the credit application, retail sales installment contract, and title work; this was all completed by employees in the finance

department. Moreover, with regard to Paragraphs 11 and 26, the finance department spoke directly with Douglas Moore, who gave his approval and faxed over a copy of his driver's license, and couriered the prepared paperwork to Mr. Moore for him to sign and return, which he did.

2.

Objection to Paragraph 34: The Defendant objects to the calculation of the loss amount under this Paragraph, which adds 4 points to the base offense level. The loss of $21,591.46 is comprised of the three afore-mentioned transactions: (1) $7432.16 for the retail loss on the Moore/Stewart vehicle, ¶ 13; (2) $8385.96 for the Lofton/Austin vehicle, ¶ 16; and (3) $5773.34 for the "conservative estimate" of loss on the Moore/Richardson vehicle, ¶ 27.

With respect to the Moore/Stewart vehicle, Moore assented to being a co-signer to Stewart for the purchase of the vehicle and, therefore, this loss is not attributable to the Defendant as relevant conduct.

State charges against the Defendant in relation to the Lofton/Austin vehicle were dismissed for lack of evidence, but Austin entered a plea of guilty and was, presumably, held accountable for restitution. ¶ 15. Accordingly, the Defendant should not be held accountable for this loss.

Finally, with respect to the Moore/Richardson vehicle, Arcadia Financial never provided documentation with regard to the actual loss amount. ¶ 27. There is no verification that this loss even exists.

There is no loss amount attributable to the Defendant; thus, the 4-point enhancement under this Paragraph does not apply.

3.

Objection to Paragraph 35: U.S.S.G § 2B1.1(b)(10)(C)(i) provides an increase of 2 levels if an offense includes "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." Application Note 9 to § 2B1.1 defines "means of identification," for the purpose of an enhancement under section (b)(10), as having "the meaning given that term in 18 U.S.C. § 1028(d)(7).

18 U.S.C. § 1028(d)(7) states, "the term 'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any — (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number; (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation; (C) unique electronic identification number, address, or routing

code; or (D) telecommunication identifying information or access device (as defined in section 1029(e))."

The Supreme Court recently expanded on this definition by unanimously holding that under 18 U.S.C. § 1028A, the government must prove that the defendant knew that the "means of identification" that she or he used, transferred or possessed actually belonged to another person. *Flores-Figueroa v. United States*, 556 U.S. ___ (2009).

In this case, there was no definitive finding included in the PSR that the Defendant knew that the social security numbers he used actually belonged to another person. Accordingly, the 2-point enhancement under § 2B1.1(b)(10)(C)(i) does not apply.

4.

Objection to Paragraph 43: Should the Defendant's objections to the PSR be sustained, the total offense level would be reduced by 6 points, to a total of 5.

Respectfully submitted this 31st day of July, 2009,

/s/ Ann Marie Fitz
Attorney for Defendant
Georgia Bar No. 066516

The Federal Law Group
5180 Roswell Road
Suite 5-S
Atlanta, Georgia 30342
(404) 497-9005
(404) 497-9003 (fax)

## **CERTIFICATE OF SERVICE**

This is to certify that undersigned counsel has electronically filed the foregoing Defendant's Position with Respect to the PSR with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to Assistant United States Attorney Carroll Andre.

This 31st day of July, 2009.

/s/ Ann Marie Fitz
Georgia Bar No. 066516